

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 3, 2016

By ECF

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Travell Thomas et al.,* S4 15 Cr. 667 (KPF)

Dear Judge Failla:

      The Government writes in response to the letter motion of defendants Travell Thomas, Maurice Sessum, and Anthony Caba (the "Moving Defendants") to extend the motion deadline until August 2016. The Government opposes the lengthy delay proposed by the Moving Defendants.

      The Government substantially completed its production of discovery to the Moving Defendants in December 2015. That month, the Government produced to each Moving Defendant a hard drive containing discovery. The production dates varied depending on when the Government received the required hard drive from defense counsel. The Government produced a hard drive to counsel for Maurice Sessum on December 2, 2015, a hard drive to counsel for Anthony Caba on December 8, 2015, and a hard drive to counsel for Travell Thomas on December 17, 2015.

      The discovery produced on each hard drive included individual discovery, search warrants and charging documents, subpoena returns, materials obtained from the FTC (made viewable through a Concordance database),[1] emails obtained from Thomas's Yahoo! Account (the "Thomas Emails"), emails obtained from Sessum's AOL account, documents obtained from Thomas's cellphone, and recorded calls. The discovery on each hard drive was voluminous, and consisted of tens of thousands of pages of subpoena returns and documents from the Federal Trade Commission ("FTC"), as well as a substantial quantity of recorded phone calls to

---

[1] The documents from the FTC included images of hard copy documents recovered by the FTC and the New York Attorney General's Office ("NYAG"), hard copy documents recovered from 4 Star's offices, and images of computers from 4 Star's offices.

consumers.[2]  The Thomas Emails, in particular, consisted of over eight thousand emails (some of which may have been duplicates), obtained from Thomas's Yahoo! email account pursuant to a search warrant.  In addition, on January 22, 2016, the Government produced to each defendant one CD containing additional materials recovered by the FTC from the computers of Thomas and Sessum.

As referenced in the letter motion, counsel for Thomas and the Government conferred in January 2016 and in March 2016 about counsel's inability to open the Thomas Emails.  On May 2, 2016, the Government conferred again with Thomas's counsel and learned that counsel is still unable to open the Thomas Emails.  Accordingly, the Government provided Thomas's counsel with the contact information for an individual in the Government's IT department.  However, Thomas's counsel advised that he has hired an IT consultant, so the discovery issue may be resolved without the need to consult with the Government's IT department.

Despite counsel's inability to open the Thomas Emails, the Government opposes defense counsel's request for an extension until August.  The Moving Defendants have had ample time— well over four months for the vast majority of the discovery—to review the files, resolve any technical issues, and prepare motions.  Counsel for Caba and Sessum have provided virtually no explanation as to why they cannot file their motions in a timely manner; they simply state that they have not completed their review of discovery.  As to counsel for Thomas, he argues that his inability to open the Thomas Emails requires an extension.  The argument should be rejected for a few reasons.

*First*, as shown in the exhibits filed by defense counsel, the Government provided the Thomas Emails in two different formats and provided defense counsel detailed instructions explaining how to view the Thomas Emails in each format.  As such, the Government's production was designed to *help* defense counsel, by giving them two different ways of viewing the production.  Notably, aside from Thomas's counsel, no other defense counsel has complained to the Government that they could not view the Thomas Emails.  Indeed, the letter motion does not assert that counsel for the other Moving Defendants, Caba and Sessum, could not view the Thomas Emails.

*Second*, defense counsel's inability to view a relatively small part of the Government's discovery does not warrant extending the motion deadline until August.  The Thomas Emails were obtained pursuant to a search warrant, which has been produced, and thus defense counsel has had an opportunity to review the key document on which a motion related to the Thomas Emails would likely be based.  Moreover, there is simply no reason why motions based on the other evidence, which defense counsel has had months to review, cannot be made at this time.

Finally, the exhibits filed by the Moving Defendants suggest that the Government failed to produce purportedly exculpatory documents that had been retrieved by the New York Attorney General's Office ("NYAG") and/or the Federal Trade Commission ("FTC") from the Four Star debt collection company's Buffalo offices.  Thomas's counsel identified the relevant

---

[2] Although the quantity of recorded phone calls is voluminous, the calls are all of the same type—*i.e.*, debt collection calls made to consumers.

documents as bearing Bates stamps FTC-FSR-S3-0000662, FTC-FSR-S3-0000977, FTC-FSR-S2-0001966, and FTC-FSR-S3-0000979-981.

    The Government has confirmed that it produced these documents to Thomas's counsel on or about December 17, 2015 on the external hard drive that it had received from Thomas's counsel the previous day. The Government likewise produced these documents to the other defendants upon receipt of blank external hard drives from their respective counsel. These documents are part of a larger collection of hard-copy documents retrieved from Four Star's offices by the NYAG and the FTC, which the Government collected and produced. As such, there was no failure to produce documents that would warrant extending the motion deadline until August.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By:  /s/ *Jordan Estes*
    Edward A. Imperatore
    Jordan L. Estes
    Assistant United States Attorneys
    Southern District of New York
    Tel. 212-637-2327

cc:    counsel of record (by ECF)